OPINION
After a jury trial, defendant-appellant, Leon W. Gabbard, was adjudged guilty of illegal use and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), receiving stolen property in violation of R.C. 2913.51(A), and carrying a concealed loaded weapon in violation of R.C. 2923.12(A). On appeal, appellant argues that the Butler County Court of Common Pleas erred in overruling his motion to suppress. We affirm the trial court's decision.
On October 19, 1997, several officers from the Union Township Police Department and several officers from the City of Fairfield Police Department were working together pursuant to a Joint Task Force Mutual Aid Agreement. While monitoring the parking lot of the Forest Fair Mall, Officer Ed Knizner observed appellant, Tyson Triplett, and Josh Young seated in Young's blue Mercury. Knizner stated that after engaging the three occupants in a brief conversation, he observed Triplett in the back seat with marijuana and rolling papers.
Knizner asked the three occupants to exit the vehicle, frisked them, and discovered several concealed weapons along with additional drug paraphernalia. The vehicle was impounded and towed to the Fairfield Police Station. Appellant, Triplett, and Young were also transported to the Fairfield Police Station. While they were being questioned, Officers Wallraven and Brenner from Union Town ship located Young's keys and began an inventory search of the vehicle. Officer Schwartz, a Fairfield officer, assisted Wallraven and Brenner periodically during the inventory search. The officers found a black, locked box in the trunk. One of the keys on Young's key ring fit the lock. The officers opened the box and found a stolen handgun along with traces of cocaine. During questioning, appellant stated that the box was his.
Appellant filed a motion to suppress which was heard March 13, 1998. The trial court overruled appellant's motion for two reasons. First, the trial court found that appellant lacked standing to challenge the search. Second, the court found that even if appellant did have standing, the evidence was discovered pursuant to a lawful inventory search. Appellant timely filed this appeal raising two separate issues for our review under the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS MOTION TO SUPPRESS.
In his first issue for review, appellant argues that the trial court erred in finding that he lacked standing to challenge the search. The Fourth Amendment to the United States Constitution protects individuals from unreasonable government intrusions into areas where they have a legitimate expectation of privacy. State v. Ryan (July 31, 1995), Warren App. No. CA94-08-073, unreported, at 5, citing Katz v. United States
(1967), 389 U.S. 347, 88 S.Ct. 507. Generally, "a defendant lacks standing to challenge the constitutionality of a search where he does not have a reasonable expectation of privacy in the area searched." Ryan at 5, citing Minnesota v. Olson (1990),495 U.S. 91, 95, 110 S.Ct. 1684, 1687.
The United States Supreme Court has stated that a defendant has no standing where the defendant asserts "neither a property nor a possessory interest in the automobile, nor an interest in the property seized." Rakas v. Illinois (1978), 439 U.S. 128,148, 99 S.Ct. 421, 433.
The only key to the locked box was found on Young's key ring. Appellant therefore relinquished control over access to the box by relinquishing control of the key to Young. In so doing, appellant failed to maintain a possessory interest in the locked box. Accordingly, the trial court correctly found that appellant forfeited his expectation of privacy in the locked box, and lacked standing to challenge this search.
However, even if we assume, arguendo, that appellant did have standing, for the reasons which follow, we find that this inventory search was valid. In his second issue for review, appellant argues that the inventory search failed to comply with the requirements of the Fourth Amendment. A lawful inventory search of a vehicle is a well-defined exception to the warrant requirement of the Fourth Amendment. State v. Hathman (1992),65 Ohio St.3d 403, citing South Dakota v. Opperman (1976),428 U.S. 364, 96 S.Ct. 3092. To satisfy the requirements of theFourth Amendment, "an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedure(s) or established routine." Hathman at paragraph one of the syllabus. "If, during a valid inventory search of a lawfully impounded vehicle, a law enforcement official discovers a closed container, the container may only be opened as part of the inventory process if there is in existence a standardized policy or practice specifically governing the opening of such container." Id. at paragraph two of the syllabus.
This inventory search was conducted at the Fairfield Police Station. Officers Wallraven and Brenner of the Union Township Police Department were primarily responsible for the search. The Fairfield Police Department's inventory policy provides that, if a key is available, a locked container should be opened and its con tents documented on the inventory list. On cross-examination, Wallraven admitted that he had never actually seen a copy of the Fairfield inventory policy. Wallraven stated that he had conducted the search in accordance with his knowledge of the Union Township inventory policy. Wallraven also testified that Officer Schwartz, a Fairfield officer, had participated in the inventory search.
Appellant does not argue that the officers violated either Union Township's inventory policy or Fairfield's inventory policy. Rather, appellant asserts that, by conducting the inventory search in Fairfield without actual knowledge of Fairfield's policy, Wall raven and Brenner's search was not done in accordance with an existing standardized practice as required by Hathman.
Even though the Union Township officers did not have actual knowledge of Fairfield's inventory policy, we find that the inventory search was lawful for two reasons. First, the Union Township officers clearly conducted this search in good faith pursuant to Union Township's inventory policy. Second, these officers were aided by Officer Schwartz, who did have actual knowledge of Fair field's inventory policy. The primary rationale behind requiring a standardized, established routine for inventory searches is to "avoid the possibility that such searches will become a ruse for general rummaging to uncover evidence of a crime." Hathman at 407, citing Florida v. Wells (1990), 495 U.S. 1, 110 S.Ct. 1632.
We are convinced that the inventory search was conducted in good faith and was not a ruse for general rummaging to uncover incriminating evidence. Accordingly, we find that appellant's second issue for review lacks merit, and the trial court properly overruled his motion to suppress. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.